(*Circuit Court of Cook County.*)

### Catharine Durgon

### vs.

### Susannah McGuire, Administratrix of the Estate of Bernard McGuire.

(October 1, 1868.)

1. MARRIAGE—AT COMMON LAW—ESSENTIALS OF. It is not necessary to constitute a valid marriage that there should be a legal ceremony. If the parties made a present agreement to live together as man and wife and such agreement was actually consummated and the parties continued to cohabit together as man and wife, this will constitute a valid marriage.

2. COMMON LAW MARRIAGE—HOW PROVEN. A common law marriage may be proved by the declarations and conduct of the parties and by reputation. It is not necessary that record evidence should be adduced.

Action by plaintiff to recover for services rendered the decedent. Heard before Judge Erastus S. Williams and a jury.

The deceased, Bernard McGuire, was a cooper who lived in Chicago. The plaintiff lived with him for about seven years, supposing she was his wife, and performed all the duties of a wife, they having agreed to live together as such. There was no ceremony performed by any minister or officer, and no marriage license issued. By their joint labor they acquired quite an estate, and when, by reason of his fallen fortunes and bad habits before his death, he became unable to support himself and family, she, by washing, and the aid obtained from a son of hers by a former husband, succeeded in keeping his real estate clear, the taxes paid thereon, and the family together till his death.

He died, and then her claims as a wife were denied. It appeared that doubts once arose in the mind of plaintiff as to the standing of her boy born of this father. These she stated to the father, and then it is alleged he quieted her mind by some ceremony which he performed, and which he said was customary in the "old country." It is also stated that McGuire always acknowledged and introduced plaintiff as his wife, from some time in 1861 until April of this year, and that taking the child to be baptized according to the rites of the Roman Catholic Church, he acknowledged the paternity and perhaps the matrimonial alliance. The plaintiff was about to take out letters of administration when the technical question was raised, and the letters were issued to the daughter, who is defendant.

The plaintiff sought to recover for her services while she was living with the deceased, believing herself to be his wife. The whole case turned upon the question of marriage.

The defendant's counsel cited the following authorities: *Fenton v. Reed,* 4 Johns. 52, 4 Am. Dec. 244; *In re Taylor,* 9 Paige, 611; *Rose v. Clark,* 8 Paige, 574, 582; *Cheney v. Arnold,* 15 N. Y. 345, 350; *Jewell v. Jewell,* 1 How. 219; *Starr et al. v. Peck,* 1 Hill, 270; *vide* 2 Kent's Com. 87; and note, citing the decisions in different states; Reeve's Domestic Rela-

tions, 306; Bishop on Marriage and Divorce, 168; *Case of Wall v. Williamson,* 8 Ala. 48; *Wall v. Williams,* 11 Ala. 826; *Morgan v. McGee,* 5 Humph. 13; *Johnson v. Johnson,* 30 Mo. 72.

The counsel for plaintiff conceded that if the court should charge the jury that the facts constituted marriage, then the plaintiff's case failed.

WILLIAMS J.:—

The jury are instructed by the court that to constitute a marriage valid and binding upon the parties thereto, it is not necessary that all the statutory requirements in reference thereto should have been complied with by the parties, and if the jury shall believe, from the evidence, that the deceased and the plaintiff made a present agreement, by which the deceased, then and there, took the plaintiff to be his wife, and the plaintiff, then and there, took the deceased as her husband, and they mutually agreed to live together then and thereafter as husband and wife, and if they shall further believe, from the evidence, that plaintiff and deceased, from the time of such agreement up to the death of McGuire, continued to cohabit as man and wife, then there was a valid and binding marriage between the said plaintiff and the said McGuire. That, in order to prove a marriage between the plaintiff and the deceased, it is not necessary that record evidence should be adduced, nor that the marriage should be proved by witnesses present when the marriage contract was made, nor that any religious ceremony should have been performed, but the marriage may be proved by the declarations and conduct of the parties, and by other circumstances which usually accompany the marriage relation, and by reputation; and if the jury shall believe, from the evidence in this case, that the deceased and the plaintiff cohabited together as husband and wife, and that the deceased spoke of the plaintiff in the presence of his family and others as his wife, and she in his presence and in the presence of others, spoke of him as her husband, and deceased made no objection to being so addressed, and that the plaintiff, with the knowledge and assent of de-

·ceased, united with him in signing deeds and other instruments as his wife, that plaintiff and deceased appeared in respectable society as man and wife, and were so addressed by ·others without objection on their part, and if their child was addressed and treated by them, in the presence of each other, as the child of both of them, born in lawful wedlock, and if the plaintiff, with the knowledge of deceased, generally assumed his name, all such facts are competent evidence upon the question of marriage, and should be considered by the jury in arriving at their verdict.